# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

---

RANDY MARTELL ROBERTSON,      )
                             )
    Petitioner,          )
                             )      No. 2:19-cv-02791-TLP-tmp
v.                           )
                             )
UNITED STATES OF AMERICA,    )
                             )
    Respondent.          )

---

## ORDER DENYING AND DISMISSING MOTION UNDER 28 U.S.C. § 2255, DENYING CERTIFICATE OF APPEALABILITY, CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

---

Petitioner Randy Martell Robertson[1] moved pro se under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.  (ECF No. 1.)  The Government responded in opposition to the motion (ECF No. 6), and Petitioner replied.  (ECF No. 7.)  For the reasons below, the Court **DENIES** and **DISMISSES** Petitioner's § 2255 Motion.

## BACKGROUND

The dates matter here.  On September 13, 2017, a federal grand jury in the Western District of Tennessee indicted Petitioner, charging him with: (Count 1) unlawfully possessing heroin with the intent to distribute in violation of 21 U.S.C. §§ 812 and 841(a)(1); (Count 2) unlawfully possessing crack cocaine with the intent to distribute in violation of 21 U.S.C. §§ 812 and 841(a)(1); (Count 3) unlawfully possessing cocaine with the intent to distribute in violation

---

[1] The federal government has custody of Petitioner and has assigned him BOP register number 30440-076.  The government is currently housing him at the United States Penitentiary in Pollock, Louisiana.

of 21 U.S.C. §§ 812 and 841(a)(1); (Count 4) unlawfully possessing methamphetamine with the intent to distribute in violation of 21 U.S.C. §§ 812 and 841(a)(1); (Count 5) knowingly possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c); and (Count 6) being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  (*See* Crim. No. 17-20273, ECF No. 1 at PageID 1–4.)

On April 13, 2018, Petitioner entered into a plea agreement on Counts 1, 5, and 6 of the indictment.  (*See id.*, ECF No. 43 at PageID 84–85.)  The plea agreement noted that Petitioner, "is pleading guilty because he is, in fact, guilty of the offenses charged in COUNTS 1, 5, and 6 of the Indictment."  (*See id.* at PageID 86.)  The Government also agreed to dismiss Counts 2, 3, 4, 7 and 8 in exchange for the plea.  (*Id.*)

Petitioner waived his right to appeal his sentence and the "right to challenge any conviction or sentence imposed or the manner in which the sentence was determined in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255."  (*Id.* at PageID 87.)  The appeal waiver excluded claims of prosecutorial misconduct and ineffective assistance of counsel.  (*Id.*)

On July 31, 2018, the Court sentenced Petitioner to a total sentence of 190 months imprisonment, 130 months each on Counts 1 and 6 of the indictment to run concurrent to each other and 60 months on Count 5 to run consecutive to Counts 1 and 6, to be followed by four years supervised release.  (*See id.*, ECF No. 51; *see also id.*, ECF No. 53 at PageID 170–171.)  The Court entered judgment the same day.[2]

---

[2] On July 22, 2019, Petitioner filed a motion styled "Motion for Modification of Sentence Pursuant to Title 18 U.S.C. § 3582(c)(2) & 1B1.10 of the U.S.S.G Case No. 2:17-20273-JTF." (*See* Crim. No. 17-20273, ECF No. 55 at PageID 181–182.)  He filed a motion for appointment of counsel the same day.  (ECF No. 56.)  Those motions are pending.

## THE § 2255 MOTION

### I.      Background

On November 18, 2019, Petitioner moved under § 2255 alleging that he was actually innocent of his § 922(g) conviction in light of the recent United States Supreme Court decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019).  (Civ. No. 19-2791, ECF No. 1 at PageID 4, 12.) In an accompanying memorandum of law, Petitioner argues: (1) he is actually innocent of the § 922(g) conviction because he had no knowledge at the time of the offense "of being in the status of being in violation of Federal law," and he had no knowledge that the firearm affected interstate commerce; (2) his guilty plea was involuntary and unintelligently given in violation of due process; (3) the Court lacked subject matter jurisdiction to proceed because, under *Rehaif*, the indictment failed to state an offense against the United States; and (4) based on counsel's "misadvise," he pleaded guilty to a non-crime against the United States and was sentenced to federal prison.  (*See* ECF No. 1-1 at PageID 15–29.)

Petitioner asserts that his claim under *Rehaif* is based on a recently established subject matter jurisdiction defect which cannot be waived or defaulted.  (*See* ECF No. 1-1 at PageID 21–22.)  He contends that the court must establish "a violation of the law" to have jurisdiction under 18 U.S.C. § 3231.  (*Id.* at PageID 27.)  Petitioner argues that both the indictment and factual basis of his plea failed to state an offense against the United States.  (*Id.*)  He states that "it is undisputed that a crime against the United States was never established because the Court and all parties had an incorrect legal understanding [sic] what a crime under Section 922(g) required." (*Id.* at PageID 28.)

In December 2019, the Government responded.  (ECF No. 6.)  The Government recharacterizes Petitioner's arguments as follows:

1. Petitioner is "actually innocent" of violating § 922(g), because when he possessed a firearm, he "had no knowledge that the firearm affected interstate commerce";

2. his plea was involuntary, because he did not understand the elements of the § 922(g) offense; and

3. this Court lacked subject matter jurisdiction as to the § 922(g) offense.

(ECF No. 6 at PageID 40.)  The Government contends that Petitioner's claims are barred by the waiver provision in his plea agreement, untimely, and procedurally defaulted.  (*Id*. at PageID 40–46.)  The Government asserts that Petitioner is not actually innocent of the § 922(g) violation, and there is ample evidence in the record that Petitioner was aware of his status as a convicted felon, as required by *Rehaif*, when he pleaded guilty.  (*Id.* at PageID 44–46.)  Further, the Government argues that the indictment was not defective, and the Court properly exercised subject matter jurisdiction over Petitioner's case.  (*Id.* at PageID 46–48.)

Petitioner replied on March 12, 2020.  (ECF No. 7.)  Petitioner asserts that *Rehaif* announces a new rule of law that is retroactively applicable to his case.  (*Id.* at PageID 53–54.)  He asserts that his plea is unenforceable because a guilty plea waives only non-jurisdictional defenses, and a defendant may still obtain § 2255 relief based on the validity of the plea itself.  (*Id.* at PageID 54–55.)  Petitioner further contends that a plea does not waive the ability to seek § 2255 relief on errors that arise after the plea.  (*Id.* at PageID 55.)

Petitioner argues that the Government misinterprets his claims under *Rehaif.*  (*Id.* at PageID 58–59.)  He contends that his indictment "made no mention" of his knowledge of his status and violated the Fifth Amendment due process clause.  (*Id.* at PageID 59.)  Further, he asserts that the indictment failed to charge a crime, and his conviction cannot stand.  (*Id.*)

## II.     Analysis

Under 28 U.S.C. § 2255(a),

[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

"A prisoner seeking relief under 28 U.S.C. § 2255 must allege either: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (internal quotation marks omitted).

After a petitioner files a § 2255 motion, the Court reviews it and, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts ("§ 2255 Rules"). The petitioner has the burden of proving that he is entitled to relief by a preponderance of the evidence. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

### A.     *Rehaif*

Petitioner's arguments, purportedly under *Rehaif*, vacillate from his assertion that he had no knowledge that the firearm crossed state lines to an assertion that he lacked knowledge of his status, presumably that, as a felon, he could not possess a firearm. In *Rehaif*, the Supreme Court notes,

§ 922(g) makes possession of a firearm or ammunition unlawful when the following elements are satisfied: (1) a status element (in this case, "being an alien ... illegally or unlawfully in the United States"); (2) a possession element (to "possess"); (3) a

5

jurisdictional element ("in or affecting commerce"); and (4) a firearm element (a "firearm or ammunition").

*Rehaif*, 139 S. Ct. at 2195–96.  The Supreme Court held that "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Rehaif*, 139 S. Ct. at 2200.  The Court specifically ruled that the jurisdictional element (that the firearm be in or affecting interstate commerce) was not subject to a presumption of scienter or that the defendant acted knowingly.  *Id.* at 2196.  Thus, if Petitioner asserts that he had no knowledge that the weapon affected interstate commerce or crossed state lines, he is not entitled to relief based on *Rehaif*.

      *Rehaif* is a matter of statutory interpretation, not a new rule of constitutional law made retroactive to cases on collateral review.  *See Khamisi-El v. United States*, 800 F. App'x 344, 349 (6th Cir. 2020); *Cooper v. United States*, No. 19-3645, 2019 WL 7494402, at *2 (6th Cir. Dec. 12, 2019) (denying certificate of appealability where appellant had not shown that *Rehaif* was retroactive on collateral review); *In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019); *Wallace v. United States*, No. 3:19-CV-01122, 2020 WL 2194002, at *3 (M.D. Tenn. May 6, 2020) ("Wallace's claim has no merit as *Rehaif* does not provide him relief in this collateral proceeding"), *appeal filed Wallace v. United States*, No. 20-5764 (6th Cir. July 7, 2020); *see also In re Sampson*, 954 F.3d 159, 161 (3d Cir. 2020) ("*Rehaif* did not state a rule of constitutional law at all.")  Petitioner's claims under *Rehaif*, even if they are based on the status element, do not provide him relief in this collateral proceeding.  *See Moore v. United States*, No. 2:19-cv-2752-TLP-tmp, 2019 WL 4394755, at *1–2 (W.D. Tenn. Sept. 12, 2019) (defendant who pled guilty and accepted responsibility for his action had no right to collateral review of his conviction under *Rehaif*).

Further, the Government argues that Petitioner cannot show actual innocence under *Rehaif* because: (1) he has not submitted any evidence to show that he was unaware of his prohibited status under § 922(g); (2) Petitioner explicitly admitted to "being a convicted felon in possession of a firearm" in his plea agreement (*see* Crim. No. 17-20273, ECF No. 43 at PageID 85); (3) the Presentence Investigation Report, which he did not dispute, states that, at the time of his conviction, Petitioner had been convicted of multiple felonies in Tennessee and served more than a year in prison; and (4) Petitioner did not dispute the prosecutor's statement at the sentencing hearing that "[t]he defendant is a convicted felon, has multiple felony convictions and is aware of the fact that he is not allowed to possess a firearm in any way, shape, form, or fashion." (*Id.*, ECF No. 58 at PageID 265; Civ. No. 19-2791, ECF No. 6 at PageID 44–45.)

Even if *Rehaif* provided relief on collateral review, the record does not demonstrate Petitioner's innocence of the § 922(g) conviction or further that his plea was unknowing or involuntary. *See United States v. Hobbs*, 953 F.3d 853, 857–58 (6th Cir. 2020) (where "no contemporaneous evidence suggests that he would have rejected the plea deal had the indictment contained the knowledge-of-status element," the defendant has not shown that there is a reasonable probability that he would not have entered his plea had he been told about the § 9222(g) knowledge-of-status requirement).

### B.      Time-Barred

A petitioner must move to vacate his sentence within one year of:

(1)  the date on which the judgment of conviction becomes final;

(2)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The Government argues that Petitioner's motion is untimely under § 2255(f)(1) because he filed it more than fifteen months after the Court entered judgment and that § 2255(f)(3) does not apply because *Rehaif* does not recognize the right that Petitioner identifies—that there can be no conviction under § 922(g) without knowledge that the firearm affected interstate commerce. (Civ. No. 19-2791, ECF No. 6 at PageID 42.)

Petitioner's motion is untimely under 28 U.S.C. § 2255(f)(1), because he filed more than one year after his judgment became final. Generally, a conviction becomes final upon conclusion of direct review. *Sanchez-Castellano v. United States*, 358 F.3d 424, 426 (6th Cir. 2004) (citing *United States v. Cottage*, 307 F.3d 494, 498 (6th Cir. 2002)). However, where the defendant "does not appeal to the court of appeals, the judgment becomes final upon the expiration of the period in which the defendant could have appealed to the court of appeals, even when no notice of appeal was filed." *Johnson v. United States*, 457 F. App'x 462, 465 (6th Cir. 2012) (citations omitted). That period expired on August 14, 2018, fourteen days after the July 31, 2018 judgment. *See* Fed. R. App. P. 4(b)(1). Petitioner then had one year, or until August 14, 2019, to file his § 2255 motion. But he filed on November 13, 2019, about four months after the time expired. (*See* ECF No. 1 at PageID 13.) Petitioner's motion is therefore time-barred based on § 2255(f)(1).

Because *Rehaif* does not involve a constitutional right that applies retroactively to cases on collateral review, the time frame set forth under 28 U.S.C. § 2255(f)(3) does not apply. Petitioner's § 2255 Motion is time-barred.

### C.    Waiver

Petitioner waived his right to collaterally attack his conviction and sentence except for claims of ineffective assistance of counsel and prosecutorial misconduct.  The Government argues that Petitioner voluntarily waived his rights to pursue a § 2255 Motion, and the exceptions stated in the plea agreement do not apply here.  (ECF No. 6 at PageID 41.)

The Sixth Circuit has held that "[i]t is well-settled that a knowing and voluntary waiver of a collateral attack is enforceable." *Slusser v. United States*, 895 F.3d 437, 439 (6th Cir. 2018). A subsequent change in the law does not render a waiver unknowing or involuntary, even if the defendant would not have agreed to the waiver had he known about the later change. *Vowell v. United States*, 938 F.3d 260, 267 (6th Cir. 2019).

Petitioner does not allege that his waiver was not knowing or voluntary, but that, once there is a statutory right to appeal, due process and equal protection bar the government from infringing on that right in an improper manner.  (ECF No. 7 at PageID 58.)  And Petitioner contends that a plea does not waive § 2255 relief when counsel provides ineffective assistance. (ECF No. 7 at PageID 55.)

In the § 2255 Motion, Petitioner argues that his counsel did not properly advise him that "knowledge of being in status of federal law" was a required element of the crime.  (ECF No. 1-1 at PageID 16.)  Liberally construed, this argument could be considered an assertion of ineffective assistance of counsel and would not be subject to waiver.  Yet even if the ineffective assistance of counsel claim survives waiver, it does not survive the statute of limitations.

And so Petitioner has waived all other claims presented in the § 2255 Motion.

**D.    Subject Matter Jurisdiction**

The Government argues that Petitioner's claims are not a true jurisdictional challenge, but an assertion that the indictment improperly alleged a violation of § 922(g).  (ECF No. 6 at PageID 46.)  The indictment specifically alleged,

> On or about November 29, 2016, in the Western District of Tennessee, the defendant, RANDY MARTELL ROBERTSON a/k/a "Black" having previously been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess in and affecting interstate commerce firearms in violation of Title 18, United State Code, Section 922(g)(1).

(*See* Crim. No. 17-20273, ECF No. 1 at PageID 4.)

Defects in the indictment are not jurisdictional, because they do not deprive courts of the power to adjudicate a criminal case.  *See United States v. Cotton*, 535 U.S. 625, 630 (2002).  In *Hobbs*, 953 F.3d at 856–57, the Sixth Circuit rejected the argument that the failure to allege the status element of § 922(g) in the indictment deprived the court of subject matter jurisdiction. What is more, if Petitioner argues that his indictment failed to charge a crime, the Sixth Circuit has found that, even where the indictment fails to set forth the knowledge requirement under *Rehaif*, the omission did not seriously affect the fairness or integrity of the judicial proceedings given admissions, stipulations, and other evidence that the crime was, in fact, committed.  *See United States v. Raymore*, 965 F.3d 475, 485–87 (6th Cir. 2020).

Petitioner's claims of lack of subject matter jurisdiction and a defective indictment are without merit.

## CONCLUSION

Petitioner's motion is time-barred.  *Rehaif* is a statutory interpretation that does not provide a basis for relief on collateral review.  Further, the plea agreement, Pre-Sentence

Investigation Report, and sentencing hearing establish that Petitioner was aware of his status as a convicted felon, and therefore, he is not entitled to relief on his claims.  The motion and the files and record in this case "conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255(b).  Petitioner's conviction and sentence are valid.  And so, the Court **DENIES** his motion. The Court shall enter judgment for the United States.

## APPELLATE ISSUES

Under 28 U.S.C. § 2253(c)(1), the district court must evaluate the appealability of its decision denying a § 2255 motion and to issue a certificate of appealability ("COA") "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); *see also* Fed. R. App. P. 22(b).  No § 2255 petitioner may appeal without this certificate.

The COA must indicate the specific issue or issues that satisfy the required showing.  28 U.S.C. § 2253(c)(2), (3).  A petitioner makes a "substantial showing" when the petitioner shows that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citation and internal quotation marks omitted); *see Henley v. Bell*, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam) (same).  A COA does not require a showing that the appeal will succeed.  *Miller-El*, 537 U.S. at 337; *Caldwell v. Lewis*, 414 F. App'x 809, 814–15 (6th Cir. 2011).  Courts should not issue a COA as a matter of course.  *Bradley v. Birkett*, 156 F. App'x 771, 773 (6th Cir. 2005) (quoting *Miller-El*, 537 U.S. at 337).

Here, for the reasons stated above, the § 2255 Motion is untimely and without merit, and, therefore, Petitioner cannot present a question of some substance about which reasonable jurists could differ.  The Court therefore **DENIES** a certificate of appealability.

The Sixth Circuit has held that the Prison Litigation Reform Act of 1995, 28 U.S.C. § 1915(a)–(b), does not apply to appeals of orders denying § 2255 motions.  *Kincade v. Sparkman*, 117 F.3d 949, 951 (6th Cir. 1997).  Rather, to appeal in forma pauperis in a § 2255 case, and thereby avoid the appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, the petitioner must obtain pauper status under Fed. R. App. P. 24(a).  *Kincade*, 117 F.3d at 952. Rule 24(a) provides that a party seeking pauper status on appeal must first move in the district court, along with a supporting affidavit.  Fed. R. App. P. 24(a)(1).  However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal in forma pauperis, the petitioner must move to proceed in forma pauperis in the appellate court.  *See* Fed. R. App. P. 24(a) (4)–(5).

Here, for the same reasons the Court denies a COA, the Court determines that any appeal would not be taken in good faith.  The Court therefore **CERTIFIES**, under Fed. R. App. P. 24(a), that any appeal in this matter would not be taken in good faith, and the Court **DENIES** leave to appeal in forma pauperis.  If Petitioner files a notice of appeal, he must also pay the full $505 appellate filing fee (*see* 28 U.S.C. §§ 1913, 1917) or move to proceed in forma pauperis with a supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days (*see* Fed. R. App. P. 24(a) (4)–(5)).

**SO ORDERED**, this 20th day of November, 2020.

s/ Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE